# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

CHRISTOPHER ALLEN LARKIN HILL,

        Petitioner,

    v.

O. BRENT GREEN; CAMDEN COUNTY
SUPERIOR COURT; LEE S. ASHMORE;
JACQUELINE FORTIER; and GARNETT
HARRISON,

        Respondents.

CIVIL ACTION NO.: 2:19-cv-29

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Christopher Hill ("Hill") filed a 28 U.S.C. § 2254 Petition for Writ of Habeas

Corpus. Doc. 1. Jacqueline Fortier and Garnett Harrison filed a Motion to Dismiss, and Hill

filed a Response. Docs. 3, 4. For the reasons which follow, I **RECOMMEND** the Court **DENY**

**as moot** Mses. Fortier and Harrison's Motion to Dismiss and **DIRECT** the Clerk of Court to

terminate Fortier, Harrison, and Lee Ashmore as named Respondents. In addition, I

**RECOMMEND** the Court **DENY** Hill leave to appeal *in forma pauperis* and a Certificate of

Appealability as to this Motion to Dismiss.

## BACKGROUND

Hill filed this § 2254 Petition and states he is the defendant in divorce and child custody

proceedings in Camden County Superior Court, case number 18V265. Doc. 1 at 2–3. Although

he has not yet been confined, Hill contends Respondents[1] have denied him a constitutional right

---

[1] As discussed in the body of this Order and Report and Recommendation, "Respondents" refers to
only the entities Hill intended to name as Respondents—O. Brent Green and the Camden County
Superior Court. Doc. 1 at 2; Doc. 4 at 3, 4. These intended Respondents should respond to Hill's

to a fair trial. <u>Id.</u> at 2. Specifically, Hill asserts Respondents found him in "willful contempt for failure to pay child support . . . ." <u>Id.</u> at 3. Hill avers the child support amount "was assessed in fraud[,]" he does not have the ability to pay this amount, and Respondents' decision is "based upon no factual representation of any evidence." <u>Id.</u> In addition, Hill contends Respondents have interfered with his employment by scheduling hearings when he has been scheduled for out-of-state work. <u>Id.</u> Further, Hill maintains Respondents have not enforced the rules of discovery in 18V265, as the attorneys in that case had not exchanged discovery as of the date of filing his Petition, yet Respondents will not hear or address this issue. <u>Id.</u> at 4. Finally, Hill contends his attorney, Lee Ashmore, has rendered ineffective assistance of counsel by failing to file motions on Hill's behalf and has not challenged "fraudulent evidence" Mses. Fortier and Harrison submitted. <u>Id.</u> at 5. As relief, Hill asks this Court to order his immediate release from Respondents' future custody, to issue a protective order to ensure Respondents do not further harm him, to take original jurisdiction in 18V265 on constitutional grounds, and to order and enforce discovery and "any other actions" this Court deems necessary. <u>Id.</u> at 5–6.

Mses. Fortier and Harrison assert they, as lawyers, are not Hill's "custodians" within the meaning of § 2254. Doc. 3 at 4. Ms. Fortier and Harrison contend they are not state actors and cannot be liable for any alleged violations of Hill's constitutional rights. <u>Id.</u> at 4–5. Mses. Fortier and Harrison also contend this Court cannot "seize jurisdiction" in a pending state court divorce proceeding. <u>Id.</u> at 5.

In his Response, Hill states he never "sued" Mses. Fortier and Harrison in his Petition and has not made any claim for relief against these two attorneys. Doc. 4 at 2. Hill repeats he

---

Petition, raising any arguments or defenses that may be applicable. The Court notes Hill filed his Petition on February 28, 2019, yet there is no indication these Respondents have been served. To this end, the Court **DIRECTS** the Clerk of Court to serve Hill's Petition on Respondents Green and Camden County Superior Court.

has not sought relief from or made any claims against any lawyers "because they are not custodians." Id. at 3.

## DISCUSSION

### I.      Whether the Motion to Dismiss is Moot

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'" Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014). This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations." Id. There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement." Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted). Regarding the mootness strand, the United States Supreme Court has made clear that "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted). Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted). Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed. Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).

Hill affirmatively states he did not name any lawyers as Respondents and does not have any claim for relief against any lawyers, doc. 1 at 2; doc. 4 at 2–3.[2]  Accordingly, the Court cannot provide the requested relief as to Mses. Fortier and Harrison.  I **RECOMMEND** the Court **DENY as moot** Mses. Fortier and Harrison's Motion to Dismiss and **TERMINATE** them, along with Lee Ashmore, as named Respondents.  It is unnecessary to address the remaining grounds of the Motion to Dismiss.

## II. Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Hill leave to appeal *in forma pauperis* and deny him a Certificate of Appealability as to the Motion to Dismiss.  Though Hill has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "the district court <u>must</u> issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); <u>see also</u> Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

---

[2]     Hill asks this Court to issue a protective order, through writs of prohibition or mandamus, to ensure Respondents do no further harm.  However, the Court cannot do this.  "Federal courts do not have the jurisdiction to issue writs of mandamus directing state officials in the performance of their duties." <u>Lawrence v. Miami-Dade Cty. State Attorney Office</u>, 272 F. App'x 781 (11th Cir. 2008) ("Because the only relief Lawrence sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition."); <u>Moye v. Clerk, DeKalb Cty. Super. Ct.</u>, 474 F.2d 1275, 1276 (5th Cir. 1973).  Therefore, federal district courts have repeatedly held that they lack jurisdiction to issue a writ of mandamus as to state officials. <u>See, e.g.</u>, <u>Church of Scientology of Ga., Inc. v. City of Sandy Springs</u>, 843 F. Supp. 2d 1328, 1380 (N.D. Ga. 2012) ("Federal district courts do not have the authority to issue writs of mandamus to direct state officials in the performance of their duties.").  Instead, Hill has available to him the option of filing a writ of mandamus with the Georgia Supreme Court to compel Respondents to perform any requested action.  O.C.G.A. § 15-2-8(3) (The Georgia Supreme Court has the authority "[t]o grant any writ necessary to carry out any purpose of its organization or to compel any inferior tribunal or officers thereof to obey its order.").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196,

1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." <u>Miller-El</u>, 537 U.S. at 336.

Based on the above analysis of the Motion and Hill's filings and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability as to this Motion to Dismiss. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Hill *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DENY as moot** Mses. Fortier and Harrison's Motion to Dismiss and **DIRECT** the Clerk of Court to terminate Fortier, Harrison, and Lee Ashmore as named Respondents. In addition, I **RECOMMEND** the Court **DENY** Hill leave to appeal *in forma pauperis* and a Certificate of Appealability regarding the Motion to Dismiss.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **14 days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed

findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 7th day of November, 2019.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA