FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

## In the United States District Court
## For the Southern District of Georgia
## Brunswick Division

MAY 15 PM 1: 45

SO. DIST. OF GA.

| | | |
|---|---|---|
| CHRISTOPHER ALLEN LARKIN HILL, | * | |
| | * | |
| Petitioner, | * | CIVIL ACTION NO.: 2:19-cv-29 |
| | * | |
| | * | |
| v. | * | |
| | * | |
| O. BRENT GREEN; and CAMDEN | * | |
| COUNTY SUPERIOR COURT, | * | |
| | * | |
| Respondents. | * | |

### O R D E R

Presently before the Court are Petitioner Christopher Hill's ("Hill") Motion for Leave to Amend and his Motion for Relief From Judgment. Dkt. Nos. 11, 12. For the reasons stated below, the Court **DENIES** Hill's Motions. The Court's April 17, 2020 Order, dkt. no. 9, remains the Order of this Court, and this case remains **CLOSED**. Dkt. No. 10.

### BACKGROUND

Hill submitted a 28 U.S.C. § 2254 Petition contesting domestic relations proceedings in the Camden County Superior Court. Dkt. No. 1. The attorneys representing Hill's wife in the Camden County proceedings moved to dismiss Hill's claims against them, dkt. no. 3. Based on Hill's response to that

AO 72A
(Rev. 8/82)

motion, the Court denied as moot the motion to dismiss, finding Hill never intended to name attorneys as Respondents in this case.  Dkt. Nos. 5, 6.  The Court directed service of Hill's Petition on the named Respondents, dkt. no. 5, pp. 1-2 n.1, but rather than await a response, the Magistrate Judge sua sponte recommended dismissal of Hill's Petition.  Dkt. No. 7.  The Magistrate Judge recommended this Court decline to address the relative merits of Hill's Petition under the abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971), as this Court should not interfere with ongoing domestic relations proceedings in a state court.  Id.  In the alternative, the Magistrate Judge noted this Court should decline to entertain the relative merits of Hill's Petition if the domestic relations proceedings were resolved.  Id. at pp. 4-5 n.3 (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and Dist. of Columbia Ct. of App. v. Feldman, 460 U.S. 462 (1983)).

I overruled Hill's objections and adopted the Magistrate Judge's recommendations as the opinion of the Court.  Dkt. No. 9.  Judgment dismissing this case was entered.  Dkt. No. 10. Hill has now filed the instant Motions, which the Court addresses in turn.

AO 72A
(Rev. 8/82)

**DISCUSSION**

## I.   Hill's Motion for Leave to Amend

Hill requests leave to amend his § 2254 Petition under Federal Rule of Civil Procedure 15(a).  Dkt. No. 11, p. 3. Leave to amend a complaint should be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  "Leave to amend, though liberally granted, may properly be denied for: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . . ."  Salvagno v. Williams, No. 3:17-CV-2059, 2019 WL 2720758, at *4 (D. Conn. June 27, 2019) (citation omitted).  "'Where, however, a party does not seek leave to file an amended complaint until after judgment is entered, Rule 15's liberality must be tempered by considerations of finality.'"  Newson v. Sec'y, Dep't of Corr., No. 5:15-CV-310, 2018 WL 9662513, at *1 (M.D. Fla. Dec. 6, 2018) (quoting United States v. Cook, 2012 U.S. Dist. LEXIS 54197, *5 (N.D. Fla. 2012), in turn quoting Williams v. Citigroup, Inc., 656 F.3d 208, 212-13 (2d Cir. 2011)).  "As a procedural matter, '[a] party seeking to file an amended complaint post-judgment must first have the judgment vacated or set aside pursuant to Rules 59(e) or 60(b).'"  Id.  Hill does not cite any cases, and the Court has not found any, permitting a petitioner in a § 2254

3

proceeding to amend post-judgment.  To be clear, Rule 15

generally does not allow for post-judgment amendment of

pleadings.  United States v. Akel, 787 F. App'x 1002, 1007 (11th

Cir. 2019) (citing Fed. R. Civ. P. 15; and then quoting Jacobs

v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344-45 (11th Cir.

2010) ("Rule 15(a), by its plain language, governs amendment of

pleadings before judgment is entered; it has no application

after judgment is entered.")).

As discussed below, Hill presents no reason for this Court

to vacate its judgment in this case under either Rule 59 or Rule

60.  Consequently, the Court **DENIES** Hill's Motion for Leave to

Amend.

## II.  **Hill's Motion for Relief From Judgment**

### A.   **Rule 59(e)**

Hill contends Rule 59 should provide for the remedy he

seeks.  Dkt. No. 12, p. 3.  The Court construes Hill's Motion as

being made under Rule 59(e), which appears to be the only

potentially applicable portion of this Rule.

A motion for reconsideration, or a Federal Rule of Civil

Procedure 59(e) motion, is "an extraordinary remedy, to be

employed sparingly." Smith ex rel. Smith v. Augusta-Richmond

County, No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr.

18, 2012) (internal citation omitted).  "A movant must set forth

facts or law of a strongly convincing nature to induce the court

4

to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Jacobs, 626 F.3d at 1344 (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

The Court discerns no reason to grant Hill's Motion. He fails to present any newly discovered evidence revealing this Court's previously entered Order represents a manifest error of law or fact. This Court determined Hill did not set forth viable claims sounding in habeas and dismissed his Petition. Dkt. Nos. 9, 10. In his Motion, Hill presents nothing more than an iteration of the assertions he made in objection to the Report and Recommendation. Accordingly, the Court **DENIES** Hill's Rule 59 Motion.

### B.    Rule 60

Hill does not assert what provision of Rule 60 he seeks to invoke. Instead, he states that, if relief cannot be had under Rule 59, Rule 60 should provide the appropriate remedy. Dkt.

AO 72A
(Rev. 8/82)

No. 12, p. 3. Because he seeks relief from judgment, it appears Rule 60(b) is the relevant portion of this Rule.

Rule 60(b) provides that a court may relieve a party from judgment, order, or proceeding in a limited number of circumstances including: (1) mistake or neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; or (5) the judgment has been satisfied. Fed. R. Civ. P. 60(b)(1)–(5). Additionally, the catchall provision of Rule 60(b) authorizes relief from a judgment, order, or proceeding based on "any other reason that justifies relief" raised "within a reasonable time . . . after the entry of the judgment or order." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984)(citation omitted); see also Arthur v. Thomas, 739 F.3d 611, 628 (11th Cir. 2014).

Hill undoubtedly brought the instant Motion within a reasonable time of this Court's judgment, as his Motion was filed just four days after judgment was entered. However, Hill makes no showing of circumstances—exceptional or otherwise—that reveal he is entitled to relief under Rule 60(b)(6). Rather, Hill invokes Rule 60 as merely a passing reference. Dkt. No. 12, p. 3.

6

Rule 60(b) permits a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding for," among other things, "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move" for relief under Rule 59(b). Fed. R. Civ. P. 60(b)(2). This newly discovered evidence "must be sufficiently material so as to alter the previous judgment." Whitmire v. Georgia, No. 2:09-CV-0218, 2010 WL 1489975, at *1 (N.D. Ga. Apr. 13, 2010) (citing Liquidation Comm'n of Banco Intercont'l, S.A. v. Renta, 530 F.3d 1339, 1358 (11th Cir. 2008)). A Rule 60(b)(2) motion is an extraordinary motion, and "the requirements of the rule must be strictly met." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000). "For the court to grant relief based upon newly discovered evidence under Rule 60(b)(2), a movant must meet a five-part test: (1) the evidence must be newly discovered since the trial; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial would probably produce a new result." Williams v. Darden, No. CV 411-213, 2016 WL 6139926, at *1 n.2 (S.D. Ga. Oct. 21, 2016) (internal citations omitted).

7

Hill presents no evidence in support of his Rule 60 Motion. Thus, he is not entitled to relief, and the Court **DENIES** his Motion.

### CONCLUSION

The Court **DENIES** Hill's Motion for Leave to Amend and his Motion for Relief From Judgment.  The Court's April 17, 2020 Order remains the Order of the Court, dkt. no. 9, and this case remains **CLOSED**.  Dkt. No. 10.

**SO ORDERED,** this 14th day of May, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

8

AO 72A
(Rev. 8/82)